[No. B157524. Second Dist., Div. Five. Feb. 24, 2003.]

JOHN T. PINSON, Plaintiff and Appellant, v.
JAMES L. COLE, Defendant and Respondent.

**COUNSEL**

Law Offices of Stanley P. Lieber, Stanley P. Lieber and Tracy H. Brockman for Plaintiff and Appellant.

Dawn L. Reichman for Defendant and Respondent.

**OPINION**

**ARMSTRONG, J.**—Plaintiff John T. Pinson appeals the judgment entered after the trial court sustained defendant James L. Cole's demurrer to plaintiff's first amended complaint. That complaint sought to enforce a marital dissolution judgment pursuant to which Mr. Cole was ordered to repay a debt which his ex-wife owed to Mr. Pinson. We conclude that Mr. Pinson was precluded from enforcing the subject judgment, and so affirm the trial court.

### FACTS

In June of 1994, Mr. Pinson loaned Mr. Cole's then wife, Audrey Cole, $57,500. Pursuant to the terms of a promissory note executed by Mrs. Cole, the loan, which bore no interest, was to be repaid on June 15, 1997. The note further provided that "no action shall be entertained by said court or any court of competent jurisdiction if filed more than one year subsequent to the date the cause(s) of action actually accrued regardless of whether damages were otherwise as of said time calculable."

Mr. and Mrs. Cole were married on August 8, 1981, separated on February 22, 1991, and divorced on April 15, 1996. The default judgment for

dissolution of marriage entered on that date provided, among other things, that Mr. Cole was to pay to Mr. Pinson when due the personal loan represented by the promissory note, which then had an approximate total balance of $50,000, and to hold harmless Mrs. Cole.

Neither Mr. Cole nor Mrs. Cole paid the promissory note when it matured on June 15, 1997. Mr. Pinson filed this lawsuit on March 20, 2001, stating separate causes of action against Mr. and Mrs. Cole for breach of the promissory note. Mr. Pinson specifically pled his right to recover $50,000 from Mr. Cole based on the judgment of dissolution.

Mr. and Mrs. Cole demurred to the complaint. That demurrer was sustained on the ground that the promissory note provided a one-year period to commence suit for nonpayment, which one-year period expired on June 15, 1998. The complaint, filed in March of 2001, was therefore untimely.

The trial court granted Mr. Pinson leave to amend to allege facts regarding the reasonableness of the suit limitation language of the promissory note. Thereafter, the trial court sustained a demurrer to the first amended complaint, which was essentially identical to the original, without leave to amend, and entered judgment for the Coles. Mr. Pinson appeals the judgment solely as to Mr. Cole.

## Discussion

█ Mr. Pinson seeks to recover the funds that he loaned to Mrs. Cole by enforcing the judgment of dissolution against Mr. Cole. The Family Code makes clear that he may not do so: "(a) On a determination that payment of an obligation of a party would benefit either party or a child for whom support may be ordered, the court may order one of the parties to pay the obligation, or a portion thereof, directly to the creditor. [¶] (b) The creditor has no right to enforce the order made under this section, nor are the creditor's rights affected by the determination made under this section." (Fam. Code, § 2023.)

Pursuant to Family Code section 2023, the family law court ordered Mr. Cole to repay Mr. Pinson's promissory note. However, the explicit terms of the statute preclude Mr. Pinson from enforcing that order.

Mr. Pinson's rights as a creditor were to sue for breach of Mrs. Cole's repayment obligations under the promissory note on or before June 15, 1998, the limitation period specified in the note itself. He did not do so. Consequently, he lost his right to repayment when Mrs. Cole interposed the 12-month limitations clause of the promissory note.

Mr. Pinson does not discuss the effects of Family Code section 2023 on his lawsuit. Instead, he relies solely on the case of *Franklin Life Ins. Co. v. Kitchens* (1967) 249 Cal.App.2d 623 [57 Cal.Rptr. 652]. However, that case was concerned with the rights of minor children following dissolution of their parents' marriage, and not with a creditor's attempt to enforce the terms of a judgment of dissolution, and therefore does not support Mr. Pinson's position on appeal. Moreover, Family Code section 2023's predecessor statute, Civil Code former section 137.6, was enacted in 1967 (Stats. 1967, ch. 1205, § 1, p. 2914), and became effective on January 1, 1968, after *Franklin Life Ins. Co. v. Kitchens* was decided. Consequently, even if that case provided authority for Mr. Pinson's claim against Mr. Cole, that authority has since been overruled by statute.

DISPOSITION

The judgment is affirmed.

Turner, P. J., and Mosk, J., concurred.